## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re: Reginald Birts

Case No. BKY  18-30469

CHAPTER 13 BKY

Debtor(s).

## NOTICE OF PRE-CONFIRMATION CHAPTER 13
## MODIFICATION OF PLAN

To:     Gregory A Burrell, Chapter 13 Standing Trustee, and all parties in interest:

**PLEASE TAKE NOTICE THAT** the Court will hold a hearing on  October 11, 2018
at  10:30AM     before: the  Honorable  Katherine A. Constantine                  ,
Courtroom 2C    , United States Courthouse,  316 North Robert Street, Saint Paul, MN 55101      ,
or as soon thereafter as counsel can be heard, on the proposed modified plan of the above-named
debtor(s).

A copy of the modified plan is attached hereto.

**FULL CIRCLE LAW**

Dated:  09/12/2018

By:    /e/ Michael Davey

Michael Davey
2233 University Ave. W., #150
St. Paul, MN 55114
Attorney Reg.  0388285

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: | Reginald Birts

Case No.

CHAPTER 13 PLAN  ☒ Modified

Dated | 09/12/2018

Debtor.

*In a joint case, debtor means debtors in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☒ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ☒ Included | ☐ Not Included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE:**

| 2.1 | As of the date of this plan, the debtor has paid the trustee | $0.00 | | |
|---|---|---|---|---|
| 2.2 | After the date of this plan, the debtor will pay the trustee | variable | per month for | 60 |
| | months beginning in March (mo.) of 2018 (yr.) for a total of $20,040.00 | | | |
| | The initial plan payment is due not later than 30 days after the order for relief. | | | |
| 2.3 | The minimum plan length is ☒ 36 months  or  ☐ 60 months | | | |
| | from the date of the initial plan payment unless all allowed claims are paid in a shorter time. | | | |
| 2.4 | The debtor will also pay the trustee | | | |
| 2.5 | The debtor will pay the trustee a total of $20,040.00 [lines 2.1 + 2.2 + 2.4]. | | | |

**Part 3. PAYMENTS BY TRUSTEE:**
The Trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or

$2,004.00 | [line 2.5 x .10]

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C)):**
The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| | Creditor | Monthly payment | Number of payments | Total payments |
|---|---|---|---|---|
| 4.1. | Security Auto Loans (recovery department) | $34.24 | 6 | **$205.44** |
| | TOTAL | | | $205.44 |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):**
The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| Creditor | Description of property |
|---|---|
| 5.1. | |

**Part 6. CLAIMS NOT IN DEFAULT:**

Case Number: 

Page 1 of 5

Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of property |
|---|---|---|
| + − | 6.1. | |

## Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):

The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

| | Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| + − | 7.1. | | | | | |
| | TOTAL | | | | | |

## Part 8. CLAIMS IN DEFAULT (§§ 1322(b)(3) AND (5) AND 1322(e)):

The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| | Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|---|
| + − | 8.1. | | % | | | | |
| | TOTAL | | | | | | |

## Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in this Part control over any contrary amounts except for secured claims of govern-mental units):

The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

| | Creditor | Claim amount | Secured claim | Int. rate | Begin-ning in month # | Monthly payment | x Num of pmts. | = Plan pmts. | + Adq. Pro. from Part 4 | Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| + − | 9.1. Security Auto Loans | $4,075.68 | $1,750.00 | 6.5 % | 6 | $34.24 | 54 | **$1,848.96** | $205.44 | **$2,054.40** |
| | TOTAL | | | | | | | | | $2,054.40 |

## Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):

The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

| | Creditor | Claim amount | Int. rate | Begin-ning in month # | Monthly payment | x Num of pmts | = Plan payments | + Adq. Pro. from Part 4 | Total payments |
|---|---|---|---|---|---|---|---|---|---|
| + − | 10.1. | | % | | | | | | |
| | TOTAL | | | | | | | | |

## Part 11. PRIORITY CLAIMS (not including claims under Part 12):

The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | | Creditor | Estimated Claim | Monthly payment | Beginning in month # | x Number of payments | Total payments |
|---|---|---|---|---|---|---|---|
| +/- | 11.1. | Full Circle Law (Attorney fees) Lines 11.1 & 11.2 | $3,000.00 | $55.00 | 1 | 6 | **$330.00** |
| +/- | 11.2. | Full Circle Law (Attorney fees) Lines 11.1 & 11.2 | | $267.00 | 7 | 10 | **$2,670.00** |
| +/- | 11.3. | IRS | $2,800.00 | $84.85 | 17 | 33 | **$2,800.05** |
| | | TOTAL | | | | | $5,800.05 |

## Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:

The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | | Creditor | Estimated Claim | Monthly payment | Beginning in month # | x Number of payments | Total payments |
|---|---|---|---|---|---|---|---|
| +/- | 12.1. | Wisconsin Department of Children and Families | $6,615.00 | $200.46 | 17 | 33 | **$6,615.18** |
| | | TOTAL | | | | | $6,615.18 |

## Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS:

In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority

unsecured claims described as follows: [                                                        ]

The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

| | | Creditor | Estimated claim | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|---|---|
| +/- | 13.1. | | | % | | | | |
| | | TOTAL | | | | | | |

## Part 14. TIMELY FILED UNSECURED CLAIMS:

The trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately

| $3,566.37 | [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13]. |

| 14.1 | The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are | $0.00 |
|---|---|---|
| 14.2 | The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 9 and 13) are | $244,000.00 |
| 14.3 | Total estimated unsecured claims are [lines 14.1 + 14.2] | $244,000.00 |

## Part 15. TARDILY-FILED UNSECURED CLAIMS:

All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

## Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:

Case Number: [                    ]

The debtor has surrendered or will surrender the following property to the creditor.  The debtor requests that the stays §§362(a) and §§1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property |
|---|---|---|
| + <br> - | 16.1. | |

**Part 17. NONSTANDARD PROVISIONS:**
The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.  Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| | |
|---|---|
| + <br> - | 17.1. PERIODIC STATEMENTS & NOTICES: Upon confirmation of this plan, or any future modified plan, all creditors listed in Parts 4, 5, 6, 7, 8, 9, or 10 shall resume issuing monthly billing statements or their equivalent to the debtor(s) and sending said statements to the debtor(s) at the address listed in the bankruptcy petition or as updated from time to time with the court regarding post petition obligations that come due after confirmation of this plan, or any future modified plan.  If applicable, said creditors shall also file a notice with the court and give notice to the debtor(s), attorney for the debtor(s), and the trustee of any change in the taxes and insurance that would either increase or reduce the escrow portion of any periodic loan obligations that come due after confirmation of this plan, or any future modified plan.  The automatic stay is modified to permit the sending of such statements and notices. |
| + <br> - | 17.2.   LATE CLAIMS:  Notwithstanding Part 15, if a creditor is inadvertently omitted from the schedules and the debtor(s) send(s) it notice of the case after the time period for timely filing claims has expired, and if said creditor files a late claim, the trustee shall pay said creditor in the same manner as timely filed claims.  Regardless of whether or not said creditor files a claim, said creditor shall be subject to the discharge order.  If this provision and another Part of this plan conflict, this Part shall control. |
| + <br> - | 17.3. SURRENDER, FORECLOSURE OR REPOSSESSION:  If a secured creditor is granted stay relief and, or the surrender, repossession or return of the collateral to the creditor for any reason, the balance of the claim, if any, will be paid as an unsecured claim in accordance with non-bankruptcy law, dischargeable upon completion of this plan, or any future modified plan. |
| + <br> - | 17.4. INCOME TAX REFUNDS:  During the duration of Debtor(s) plan, Debtor(s) will pay to the Trustee as an additional plan payment that portion of any income tax refunds over $1,200. |
| + <br> - | 17.5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:  All executory contracts and all unexpired leases of the debtor(s) not listed in Part 5 of this plan, or any future modified plan, are hereby rejected. |
| + <br> - | 17.6. APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT.  Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor(s) incurring consumer debt while this case is pending.  Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor(s) to incur post-petition consumer debt in Minnesota.  All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans. |

**SUMMARY OF PAYMENTS:**

| Class of payment | Amount to be paid |
|---|---|
| Payments by trustee [Part 3] | $2,004.00 |
| Home mortgages in default [Part 7] | |
| Claims in default [Part 8] | |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | $2,054.40 |
| Secured claims excluded from § 506  [Part 10] | |
| Priority claims [Part 11] | $5,800.05 |
| Domestic support obligation claims [Part 12] | $6,615.18 |
| Separate classes of unsecured claims [Part 13] | |
| Timely filed unsecured claims [Part 14] | $3,566.37 |
| TOTAL (must equal line 2.5) | $20,040.00 |

Case Number: [                    ]

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed:    /e/ Michael G. Davey

Attorney for debtor or debtor if pro se

Debtor1 signed:    /s/  Reginald Birts

Debtor2 signed (if joint case):    /s/

Case Number:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**IN RE:**     Reginald Birts                              Case No.:   18-30469

_____           Chapter 13

Debtor(s)


**Exhibit "A" – Variable Plan Payments**

**Proposed Plan of Repayment (Variable Payments into the Plan)**

**Months 1 – 6:   $100.00**
**Months 7 – 60:  $360.00**